(No. 23188.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN WOLEK, Plaintiff in Error.

*Opinion filed February 14, 1936.*

THADDEUS C. TUDOR, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

John Wolek prosecutes this writ of error to the criminal court of Cook county seeking reversal of that court's judgment finding him guilty of robbery while armed with a dangerous weapon and imposing a penalty of imprisonment for a term of from one year to life.

Plaintiff in error urges that the court erred in passing sentence upon him without giving him a reasonable time within which to prepare a written motion for a new trial, but inasmuch as he shows no prejudice from this action of the court and points out nothing which he might have done had he been given more time, the point needs no consideration.

Plaintiff in error also argues that the court erred in rendering sentence before finding him guilty. This point is also without merit, as the record shows a finding of guilty in manner and form as charged in the indictment. His other two contentions concern the weight of the evidence on which the court's finding of guilty was based.

Herman Stutz testified for the People that about midnight on August 16, 1934, he, with Bernice Salinger, drove up in front of the latter's home in an automobile, and that when the car stopped a man appeared on his side of the car with a gun and at the same moment another man appeared on the other side pointing a gun at Miss Salinger; that the occupants were commanded to hand over their valuables, which they did, the robbers taking $12 from him, and a ring, wrist watch and purse from Miss Salinger. He further testified that they were forced out of the car, in which the robbers drove away. The witness testified that he reported the robbery to the police, and that

about 4:00 o'clock the same morning he went to the police station in response to a call, where he saw and identified the plaintiff in error as one of the robbers. Miss Salinger's testimony was substantially the same as that of her companion, except that she did not go to the police station until 8:00 o'clock the next evening. She also identified plaintiff in error, stating that he was the one who stood on her side of the car and took her watch and ring. She stated that the value of the diamond ring was $750, the value of the wrist watch $250, the purse $5, and that the purse contained $4 lawful money of the United States.

Two police officers, Henry Kriesten and Edward Trunk, arrested plaintiff in error and testified to the circumstances. It appears from their testimony that they were cruising in a squad car and received a radio message describing the car stolen from Stutz and giving its license number; that they came across this car, pursued it several blocks and around many corners, and after they had fired a shot in the air the car stopped at a curb, where a man jumped out and ran down an alley. One of them drove the captured car around the block, where they caught the plaintiff in error coming out of the other end of the alley. They did not find any of the stolen property on his person but did find Miss Salinger's purse in the captured car. There is nothing in the record to indicate what became of the other robber.

John Wolek testified in his own defense and denied any participation in the crime. His explanation of his being on the street at that hour of the morning was that he had gone to stay all night with a friend but in the middle of the night had changed his mind and started home. The friend with whom he was supposed to have spent the early part of the night was not called as a witness, but a policeman testified that the mother of that friend had been brought to the police station and in Wolek's presence denied that he had been at her home.

The evidence is not only sufficient to justify the conviction of plaintiff in error but is of such a character that no other result could reasonably have been reached. The trial was before the court without a jury, and we can find no occasion for questioning the correctness of the judgment. It will therefore be affirmed.

*Judgment affirmed.*