(No. 23675.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM ALSIS *et al.* Plaintiffs in Error.

*Opinion filed December 10, 1936.*

W. G. ANDERSON, and LOUIS L. GOULD, for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

William Alsis, John Mozun and Leo Gaidas, who are the plaintiffs in error herein, together with Stanley Raidas, were indicted for the larceny of an automobile. Upon trial

in the criminal court of Cook county without a jury they were found guilty and sentenced to the penitentiary. This writ of error by three of the four defendants was sued out to review that record.

On behalf of the People Arthur A. Beaulieu testified that he was the owner of the automobile in question; that at about 8:00 o'clock P. M. on the night of December 4, 1934, he parked it on Thirty-second street, near Halsted, in the city of Chicago; that the next time he saw it was at the Deering street police station later that same night, and that when he saw it at the police station one window and the steering wheel were broken. Policeman Louis Agnus also testified for the People, and stated that on the night of December 4 he was cruising in a police car with another officer in the vicinity of Thirty-second and Halsted streets; that they noticed a Ford car pulling into an alley and followed it, where they started to question the four young men in it, and that these men all got out and ran. Two of them, Gaidas and Raidas, were captured, and the other two, Mozun and Alsis, were arrested later that same night. The witness further testified that several days later he was present in the office of the State's attorney, and that Alsis then made a statement in the presence of the other three defendants, which was taken down and reduced to writing either by or under the direction of an assistant State's attorney and which was signed by Alsis. This statement was identified by the witness and was introduced in evidence without objection. The statement was in the usual form, and in it Alsis recited that he was not hit, abused or intimidated in any way and that no one had promised him any immunity or reward for making it; that it was made of his own free will, with the intention of telling the truth. In that statement Alsis recited that he and Mozun broke the glass in one of the doors of the car, broke the steering wheel, started the car and drove it into the alley, where the other two defendants were waiting as

had been previously agreed; that as Mozun was fixing the wires of the car the police officers drove up and that the four defendants ran away. The statement then recites that the other defendants were present during the making of the statement and the answers were all true and correct. The attorney for the defendants then read into the evidence a statement made by Alsis to the police prior to the foregoing statement, in which he stated, in substance, that he stole the car alone, later meeting Raidas and Gaidas in the alley, and that Mozun was not present when the car was stolen. The third statement made by Raidas and also made to the police was read into the evidence. In it it was stated that Mozun was the one who drove the car into the alley.

In his own behalf Alsis testified that he was not near the automobile, and that the reason he signed the statement was that he was kicked and abused by the police and also was promised probation if he would sign it. Mozun testified that he had nothing to do with the stealing of the car but was at home when the car was taken; that he was beaten and abused by the police officers, and that he said Alsis' statement was true because he did not want to be beaten any more. Gaidas' testimony is confusing but is substantially to the effect that he and Raidas went to the alley and there met Alsis with the stolen car, but that he did not see Mozun there at all. He also testified that the statements made by Alsis in the office of the State's attorney were admitted to be true by himself and the other defendants. He stated on cross-examination that his statement to the State's attorney that Mozun was driving the car was a lie. Raidas testified that he was too drunk to be sure who drove the car into the alley but that he did not think Mozun was there. All that he testified to with any certainty was that he was going to get some free beer or "booze."

The assistant State's attorney who took the statement of Alsis testified on rebuttal that when he took it all the defendants were present and that none of them were mis-

treated. He also testified that he told Alsis that if he told the truth the judge would take that into consideration, as all the others were lying about the matter. Louis Agnus also testified that the defendants were not struck, abused or mistreated, either in the police station or in the State's attorney's office.

Plaintiff's in error contend that the statement made by Alsis was not admissible in evidence because obtained by force, threat, intimidation and a direct promise to secure probation; that the court erred in overruling motions for a new trial and in arrest of judgment without affording counsel a reasonable length of time to prepare such motions, and that the guilt of the plaintiffs in error was not established beyond a reasonable doubt. We can find no merit in either of these contentions. There is nothing before us for review on the question of the admissibility of the statement of Alsis, because it was all introduced without objection. That the court did not err in overruling the motions in this case without affording counsel a reasonable length of time to prepare such motions has been several times passed upon by this court. There was no showing of prejudice against the plaintiffs in error because of this ruling of the court, as there was no showing of anything that could, or even might, have been presented had further time been given. In *People* v. *Wolek,* 362 Ill. 436, we said: "Plaintiff in error urges that the court erred in passing sentence upon him without giving him a reasonable time within which to prepare a written motion for a new trial, but inasmuch as he shows no prejudice from this action of the court and points out nothing which he might have done had he been given more time, the point needs no consideration."

On the whole record there is ample evidence to sustain the finding and judgment of the trial court, and that judgment will therefore be affirmed. *Judgment affirmed.*